IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL S. CHANEY,

Defendant.                                              No. 11-CR-30098DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is Chaney's March 18, 2015 sealed motion pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742 to vacate sentence and judgment (Doc. 34). Chaney moves this court to vacate his sentence and judgment because United States Magistrate Judge Donald G. Wilkerson "accepted his felony guilty plea and adjudged him guilty, in clear derivation of the Federal Magistrate's Act." Based on the following, the Court dismisses for want of jurisdiction his motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or

the court of appeals remands. Further, a Rule 33 motion for new trial based on new evidence must be brought within 3 years after the verdict or finding of guilty and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty. Lastly, a collateral attack, under 28 U.S.C. § 2255, which has a 1 year statute of limitations.

Here, Chaney does not cite any case law or statute that would allow the Court to consider his motion. The Court notes that Chaney does cite to 28 U.S.C. § 1291 and 18 U.S.C. § 3742 as support for his motion. Clearly, his argument is misplaced as 28 U.S.C. §1291 and 8 U.S.C. § 3742 deal with jurisdiction of the appellate court and review of a sentence by the appellate court. Further, the Court notes that Chaney did not appeal his conviction and judgment.

Moreover, Rule 35 is inapplicable because this motion is brought over a year *after* the sentencing (October 7, 2011) and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error. Further, the Government did file such a motion and the Court ruled on the motion on February 13, 2013 (Docs. 29 & 32, respectively). Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 14 days of the finding of guilty to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Chaney could bring this motion is a § 2255 collateral attack. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). After reviewing the pleadings, it appears to

the Court that Chaney *may* want to pursue a collateral attack.[1] Thus, Chaney, should properly file a 28 U.S.C. § 2255 petition as a civil case.

Accordingly, the Court **DISMISSES for want of jurisdiction** Chaney's motion in this criminal case (Doc. 34) and **DENIES as moot** the motion to proceed in forma pauperis (Doc. 25). The Court **DIRECTS** the Clerk of the Court to send Chaney a 28 U.S.C. § 2255 form petition.

**IT IS SO ORDERED.**

Digitally signed by
David R. Herndon
Date: 2015.04.11
15:40:44 -05'00'

**United States District Judge**

---

[1] **Error! Main Document Only.** In the event that Chaney wishes to file a collateral attack, the Court advises Chaney to consult 28 U.S.C. § 2255, the Federal Rules of Criminal Procedure and the Court's Local Rules on how to properly file such a petition.